UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:03-CR-002 |
| | ) | |
| ALEXIS MUNOZ | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 178]. Through counsel, the defendant asks the court to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 179], deferring to the court's discretion whether and to what extent to grant a reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

I.  **Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. background (2015).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014).

Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated September 7, 2004, this court sentenced the defendant to a terms of imprisonment of 260 months as to Count One (a cocaine conspiracy) and 240 months as to Count Two (a money laundering conspiracy), to be served concurrently for a net sentence of 260 months. The defendant's guideline range was 324 to 405 months, based on a total offense level of 41 and a criminal history category of I. Count One is subject to a mandatory minimum sentence of 120 months.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. The court granted the motion and imposed the 260-month sentence. Then, in 2010, the court granted the United States' motion filed pursuant to Federal Rule of Civil Procedure 35(b), further reducing the defendant's net sentence to 240 months. [Doc. 155]. Together, the two motions resulted in a term of imprisonment 26 percent below the bottom of the defendant's original guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on June 17, 2020.

## III. Analysis

Applying Amendment 782, the defendant's new guideline range is 262 to 327 months, based on a total offense level of 39 and a criminal history category of I. Thus, the defendant was originally sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with each of the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, his post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii).

The defendant has committed at least three infractions while incarcerated. However, each infraction was relatively minor and has been sufficiently addressed by the Bureau of Prisons. Conversely, the defendant has maintained employment while in

4

prison, with good evaluations. He has participated in various educational and vocational programming. Most notably, he has obtained his GED.

Having weighed all the above-cited considerations, the court finds that the defendant should be granted a sentence reduction. His net sentence will be lowered to 194 months, reflecting a 26 percent substantial assistance reduction from the bottom of the new guideline range.

## IV. Conclusion

The defendant's motion for sentence reduction [doc. 178] is **GRANTED**. His term of imprisonment is reduced to 194 months as to each of Counts One and Two. These terms shall be served concurrently for a reduced net sentence of **194 months**.

Except as provided above, all provisions of the judgment dated September 7, 2004, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge